UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VINCENT W. GLAZEWSKI, | : | |
| Petitioner, | : | Civ. No. 21-2408 (RBK) |
| v. | : | |
| GEORGE ROBINSON, | : | **OPINION** |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner is civilly committed under a temporary commitment order at the Adult Diagnostic and Treatment Center in Avenel, New Jersey, pursuant to the New Jersey Sexually Violent Predator Act ("SVPA"), N.J. Stat. § 30:4-27.24, *et seq*. He is proceeding *pro se* with an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (hereinafter "Petition"), challenging his ongoing commitment proceedings and his temporary commitment order. (ECF No. 8.) For the following reasons, the Court will dismiss the Petition without prejudice for failure to exhaust and will not issue a certificate of appealability.

## I.  BACKGROUND

This case arises from Petitioner's temporary civil commitment and ongoing state civil commitment proceedings. The Court gleans from the limited allegations that Petitioner served at least two sentences for unspecified offenses. (ECF No. 8, at 9.) It appears that he pleaded guilty in July of 1985, and once again at some point after February of 2013. (*Id*.) On April 12, 2019, he was released from prison.

According to Petitioner, a state court issued a temporary commitment order in April of 2019, but the State has not yet provided him with a final commitment hearing. (*Id*. at 2, 8.) If

Petitioner is aware of why the State has delayed his hearing, he does not list those reasons in the Petition. Petitioner states that he has not filed any appeals in connection with his temporary commitment. (*Id*. at 3.)

Petitioner filed his initial § 2241 petition in February of 2021, and the instant Petition in May of 2021. Petitioner raises various constitutional challenges to the SVPA, challenges his eligibility under the SVPA, and contends that the state courts have failed to provide him with a final commitment hearing within the time limits of the SVPA. (*Id*. at 9–10.)

## II.   STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b). A court addressing a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243.

Thus, federal courts may "dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856. More specifically, a district court may "dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits . . . that the petitioner is not entitled to relief." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## III.   DISCUSSION

As mentioned above, Petitioner challenges his temporary civil commitment and ongoing civil commitment proceedings. As a preliminary matter, this Court finds that Petitioner's

challenges properly fall under 28 U.S.C. § 2241, rather than 28 U.S.C. § 2254.  Challenges under § 2254 are for petitioners in custody pursuant to a state court "judgment." 28 U.S.C. § 2254(a).

Here, Petitioner is not in custody pursuant to a state court judgment.  Instead, he is in custody pursuant to a temporary civil commitment order, *i.e.*, "a state interlocutory order entered during the pendency of the civil commitment proceeding." *Hunt v. Dennehy*, No. 06-10062, 2006 WL 1716769, at *1 (D. Mass. June 19, 2006).

In contrast, challenges to a final judgment of commitment would fall under § 2254. *Bordo v. Special Treatment Unit*, No. 13-4421, 2014 WL 809205, at *3 (D.N.J. Feb. 27, 2014) ("Indeed, to the extent a final judgment of re-commitment was entered against Plaintiff, and Plaintiff seeks to challenge that detention, such claim necessarily implicates the validity of his civil re-commitment and the only avenue to challenge the validity of his re-commitment is via a petition for a writ of habeas corpus under 28 U.S.C. § 2254.").  Accordingly, Petitioner's claims fall under § 2241, rather than § 2254.

That said, federal habeas corpus is substantially a post-judgment remedy. *See Moore v. DeYoung*, 515 F.2d 437, 441–42 (3d Cir. 1975).  Although this Court has "jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a . . . judgment is entered against an individual in state court," *see id.*, federal courts must exercise that jurisdiction "sparingly" in order to prevent federal interference of "the normal functioning of state [judicial] processes." *Cf. Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore*, 515 F.3d at 445–46) (addressing cases prior to a criminal judgment).

In other words, a person "who initiates a proceeding under § 2241 is not relieved of the general duty to 'afford the state courts a meaningful opportunity to consider legal error without influence from the federal judiciary.'" *Hunt*, 2006 WL 1716769, at *1 (quoting *Vasquez v. Hillery*,

3

474 U.S. 254, 257 (1986)).  Consequently, a petitioner under § 2241 must ordinarily exhaust his state court remedies prior to seeking habeas relief. *E.g.*, *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489–92 (1973).  Exhaustion requires petitioners to have fairly presented each federal ground raised in their petition to each level of the New Jersey courts, including the Supreme Court of New Jersey.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Muhammad v. Cohen*, No. 12-6836, 2013 WL 588144, at *2 (D.N.J. Feb. 13, 2013).

As a result, district courts should not exercise jurisdiction at the prejudgment stage without the exhaustion of state court remedies, unless the individual presents extraordinary circumstances. *Cf. id.*; *Jackson Bey v. Daniels*, No. 19-16374, 2019 WL 4749822, at *1 (D.N.J. Sept. 27, 2019) (concluding similarly in cases prior to a criminal judgment).  Stated differently, without extraordinary circumstances, a district court should only exercise its prejudgment habeas jurisdiction if the "petitioner makes a special showing of the need for such adjudication *and* has exhausted [his] state remedies." *Cf. id.* (emphasis added) (citing *Moore*, 515 F.2d at 443; *Sampson v. Ortiz*, No. 17-1298, 2017 WL 4697049, at *2 (D.N.J. Oct. 19, 2017)).

With those principles in mind, Petitioner has not exhausted his state court remedies on any of his claims.  Petitioner facially admits that "[t]here was no first appeal, there was no second appeal, hence, no third appeal." (ECF No. 8, at 3–4.)

Nor does the Petition allege any extraordinary circumstances that would justify prejudgment habeas jurisdiction or provide any basis for the Court to intervene in Petitioner's civil commitment proceedings.  As discussed above, Petitioner seeks to challenge his temporary civil commitment and civil commitment proceedings based on constitutional challenges to the SVPA, his eligibility under the SVPA, and the State's failure to provide him with a timely final commitment hearing.  Under any of these theories, "he is simply attempting to pre-litigate his

4

defenses in this court prematurely." *See, e.g.*, *Ibrahim v. State*, No. 21-7407, 2021 WL 1660853, at *2 (D.N.J. Apr. 28, 2021).

Petitioner does, however, emphasize that his public defender refused to file an appeal on his behalf. (ECF No. 8, at 3.) It appears that counsel believed that an appeal would lack merit because "other cases have been filed and were denied." (*Id.*) In any event, counsel's refusal to file an appeal would not have prevented Petitioner from filing a *pro se* appeal on his own behalf. For example, Petitioner could have filed a *pro se* interlocutory appeal to the New Jersey Superior Court, Appellate Division, and then, if necessary, filed a *pro se* petition for certification with the Supreme Court of New Jersey.

As Petitioner has failed to exhaust his state court remedies and has not demonstrated extraordinary circumstances, the Court declines to exercise prejudgment habeas jurisdiction and will dismiss the Petition without prejudice.

## IV. CERTIFICATE OF APPEALABILITY

Under our jurisprudence, federal prisoners do not require a certificate of appealability to appeal decisions arising from petitions under 28 U.S.C. § 2241. *See, e.g.*, *Day v. Nash*, 191 F. App'x 137, 139 (3d Cir. 2006). State prejudgment petitioners, however, must obtain a certificate of appealability to challenge "the final order in a habeas corpus proceeding in which the detention complained of arises out of a process issued by a State court." 28 U.S.C. § 2253(c)(1)(A); *cf. Stepney v. Anderson*, No. 20-2476, 2020 WL 2079241, at *2 (D.N.J. Apr. 29, 2020).

"When the district court denies a habeas petition on procedural grounds without reaching the . . . underlying constitutional claim," a certificate of appealability "should issue when the [petitioner] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Based on the discussion above, jurists of reason would not find it debatable that Petitioner has failed to exhaust his state court remedies and that the Court should not exercise prejudgment habeas jurisdiction.  Consequently, the Court will not issue a certificate of appealability.

## V.    CONCLUSION

For the reasons discussed above, the Court will dismiss the Petition without prejudice for lack of jurisdiction and will not issue a certificate of appealability.  An appropriate Order follows.


Dated: July   29   , 2021                                        s/Robert B. Kugler
                                                                                    ROBERT B. KUGLER
                                                                                    United States District Judge